# London Guarantee & Accident Company, Ltd., v. Ogelsby, Appellant.

*Insurance—Indemnity insurance—Premium—"Kind of work"—Contract.*

In an action to recover premiums on policies of indemnity insurance, it appeared that the defendant was a contracting plumber, employing in his business not only plumbers, but helpers, laborers and others. In a schedule in the policy under the caption of "Kind of work" were included "Plumbers inside buildings" and "Plumbers exterior construction." The estimated pay roll for the policy term of the first class was $10,000 and of the second class $2,000. Following the schedule was this clause: "The estimated pay roll covers wages of all persons employed at the places mentioned above, including executive officers and office men and drivers and drivers' helpers, except as follows: Except assured and office force." *Held*, that the policy included all persons engaged in defendant's plumbing business, whether they were

actual plumbers or not, and that the insured was liable for premiums in accordance with this construction of the contract.

Argued Jan. 5, 1911. Appeal, No. 175, Jan. T., 1910, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1906, No. 4710, on verdict for plaintiff in case of London Guarantee & Accident Company, Ltd., v. William P. Ogelsby. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover the premiums on a policy of indemnity insurance. Before BRÉGY, P. J.

At the trial the jury under the instructions of the court returned a verdict for $2,345.31.

On a motion for judgment for defendant n. o. v. BRÉGY, P. J., filed the following opinion:

This is a suit to recover the amount claimed to be due to the plaintiff as deferred premiums on policies of indemnity insurance.

The amount claimed is due if the policies issued by the plaintiff company insured the defendant against accidents—to his helpers, laborers, and others that were engaged in the work of his plumbing business—in addition to the plumbers themselves. The defendant's contention is that the policies only insured the actual plumbers—if he is right in this, the verdict is wrong.

The best way to determine this is to ascertain whether, if suit was brought for illustration for injury to a plumber's helper or laborer, would the insurance company be liable.

And in doing this the principle must be kept in mind that in construing the policy, it must be construed as strongly as possible against the company issuing the policy.

In the policy there is a section of it called "Schedule." In the fourth section of that schedule this is what appears:

4th. The place or places where work is to be carried on, the kind of work at each such place, the number of

employees and estimated pay roll at each such place as stated below:

| Kind of Work | Place Where Work is to be Done | Estimated Av. Number of Employees | Estimated Pay Roll for Policy Term | Prem. Rate per $100 of Wages | Amount of Premium |
|---|---|---|---|---|---|
| Plumbers inside Bldgs. including the making of house connections. Gas Steam & Hot Water apparatus & fitters & installation of Ventilating plants away from shop. | 1025 Walnut St. Philada. and else- where in the service of assured. | | 10,000 | 94½c. | 94 50 |
| Plumbers exterior Construction | | | 2,000 | 1.512 | 30 24 |
| Work only | | | | | 124 74 |

The first question is, does the entry under the title "Kind of Work," indicate or mean that only plumbers were insured? We believe that entry applied only to the business or kind of work Mr. Ogelsby was engaged in, and this view clearly appears to be right, when we look at sec. 5 of the schedule, which is in these words:

"The operations carried on are those usual to the trade or kind of work described above." We then have the assertion that the policy which insured Mr. Ogelsby was against accidents occurring during the carrying on of operations usual to the kind of work described under that title. Mr. Ogelsby was a contracting plumber, doing the kind of work mentioned in the schedule under the title "Kind of Work."

This applies, of course, only to the kind of operations that the policy covered. We think the question as to what persons were insured is settled by the twelfth section of the schedule, taken in connection with the entry under the item "Estimated Pay Roll for Policy Term," in sec. 4 of the schedule. The entries under the above caption are $10,000 and $2,000.

Section 12 says:

"The estimated pay roll covers wages of all persons employed at the places mentioned above including executive officers and office men and drivers and driver's helpers, except as follows: Except assured and office force."

The premiums to be paid for the policy is to be based upon the amount of the pay roll of the insured persons. It is a percentage of the pay roll under sec. 4, as already stated. Mr. Ogelsby put down the sum of $10,000 as the amount of "Estimated Pay Roll for Policy Term"— opposite the entry "Plumber's inside building—including the making of house connections, gas, steam and hot water apparatus, filters and installation of ventilating plants away from the shop," and opposite the words "Plumber's exterior construction work only" the sum of $2,000 was put down.

We think the answer to the question as to what these two entries—$10,000 and $2,000—mean settles the question of the insurance company's responsibility.

Section 12 says: "The estimated pay roll (that is, the entries above alluded to) covers the wages of all persons employed at the places mentioned above, etc., etc."

In a suit against the insurance company, it seems to us that a defense by them that the estimated pay roll only covered actual plumbers, would fail in view of the words of sec. 12, so often quoted by us.

Otherwise the state of affairs would be that a company issuing a policy to a customer who indicated under the words "Kind of Work" that his business was that of a general contracting plumber, and who had indicated the amount of his pay roll, with the assertion in the schedule (which is signed by the applicant for insurance), that the pay roll covered the wages of all persons employed at the places mentioned—did not insure all persons so employed.

To construe that policy as strongly as these words would permit, must result in holding this company liable. This makes the present defendant liable.

The offer made of testimony to alter the terms of the policy we think did not come up to the legal requirements.

In our opinion there is no doubt about the construction of the policy and the admission of what was offered would be most dangerous.

The rule for a new trial is discharged and the motion for judgment n. o. v., etc., is dismissed.

KINSEY, J., concurring.

*Error assigned* was in giving binding instructions for plaintiff.

*Ruby R. Vale* for appellant.—The policy applied to plumbers only: Dives v. Fidelity & Casualty Co., 206 Pa. 199; People's Ice Co. v. Employers' Liability Assur. Corp., 161 Mass. 122 (36 N. E. Repr. 754); Wooleman v. Casualty Co., 87 Mo. App. 677; Fidelity & Casuality Co. v. Wagon & Lumber Co., 125 S. W. Repr. 653; Maryland Casualty Co. v. Ry. & Electric Co., 92 Ark. 306 (122 S. W. Repr. 994).

*W. W. Smithers,* for appellee.—The policy was properly construed by the court below: Smith v. Ins. Co., 103 Pa. 177; Reynolds v. Casualty Co., 30 Pa. Superior Ct. 456; Hughes v. Accident Ins. Co., 222 Pa. 462; Humphreys v. Ben. Assn., 139 Pa. 264; Western & Atl. Pipe Lines v. Ins. Co., 145 Pa. 346; New Amsterdam Casualty Co. v. Mesker, 106 S. W. Repr. 561.

PER CURIAM, April 10, 1911:

The majority of the court is of opinion that the judgment appealed from should be affirmed for the reasons stated in the opinion of the learned president judge of the common pleas.